1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABONILICO CARROLL,<br><br>                                    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al,<br><br>                                    Defendants. | Case No.:  19cv2126-BAS(KSC)<br><br>**REPORT AND<br>RECOMMENDATION RE<br>DEFENDANTS' MOTION TO<br>DISMISS**<br><br>**[Doc. No. 16.]** |

        Plaintiff Abonilico Carrol is a prisoner proceeding in this Section 1983 civil rights action *pro se* and *in forma pauperis*.  [Doc. No. 9.]   In his First Amended Complaint (FAC), plaintiff alleges his constitutional rights under the Eighth Amendment were violated by correctional officers at the Richard J. Donovan Correction Facility (RJD).[1]

---

[1]      Plaintiff refers to this pleading as the Second Amended Complaint.  [Doc. No. 20.] However, the Court will construe this pleading as the First Amended Complaint, because there were no prior amendments.

1

1    [Doc. No. 20, at pp. 2-3.]  The Court's docket indicates plaintiff is currently housed at the
2    North Kern State Prison in Delano, California.  [Doc. No. 13.]

3         Defendants C. Wright and S. Miller have filed a Motion to Dismiss.  [Doc. No.
4    16.]  In their Motion to Dismiss, defendants seek dismissal on three grounds.  First,
5    defendants argue that plaintiff's claims for monetary damages against them in their
6    official capacity should be dismissed with prejudice, because they are immune under the
7    Eleventh Amendment from liability for damages in their official capacities.  [Doc. No.
8    16, at pp. 4-5.]  Second, defendants argue that plaintiff's claims for injunctive relief
9    should be dismissed as moot, because plaintiff was transferred to another prison.  [Doc.
10    No. 16, at p. 5.]  Third, defendants argue that the action should be dismissed, because
11    plaintiff admitted that he failed to exhaust his administrative remedies.  [Doc. No. 16, at
12    pp. 5-6.]

13                  ***Background***

14         The FAC alleges that plaintiff returned to RJD in a wheelchair after reconstructive
15    surgery at USCD Hospital and was "barely able to walk."  [Doc. No. 20, at p. 5.]
16    Although plaintiff told defendants he had just returned from surgery, the FAC alleges no
17    measures were taken on his behalf to ensure his health and safety.  Instead, the FAC
18    claims that defendants threatened plaintiff and forced him to walk up a flight of stairs
19    even though they knew about his surgery; he was obviously in pain; and he pleaded with
20    them to check with a supervisor to confirm his condition and where he should be housed.
21    Plaintiff was assisted up the stairs by other inmates while defendants laughed and joked
22    about him.  [Doc. No. 20, at pp. 5-6.]  Plaintiff believes arrangements should have been
23    made by medical staff to house plaintiff on a lower tier or in the infirmary, so he could
24    recover, but he "was made to go back to the general population" while "under duress."
25    [Doc. No. 20, at p. 6.]

26         The next day, plaintiff claims he still had "diminished strength" and mobility and
27    fell from the top of the stairs to the bottom "hitting the floor hard," which caused him to
28    "pass out."  [Doc. No. 20, at p. 6.]  Because of the fall, plaintiff had to be transported by

ambulance to the prison's hospital.  The FAC alleges plaintiff's need for appropriate housing was not addressed until after he fell down the stairs and returned from the prison's hospital.  This time, plaintiff was assigned to "medically appropriate housing" on a lower tier with a "lower bunk chrono."  [Doc. No. 20, at p. 7.]  Because of the fall, plaintiff claims he now suffers from more headaches than ever before and has sharp pains in his shoulders at random times.  Plaintiff also claims he is "jittery more often" because of the trauma.  [Doc. No. 20, at p. 7.]

In the FAC, plaintiff added new claims against two new defendants -- the Warden of RJD and the Chief Medical Officer of RJD.  These new defendants have not been served.

### *Discussion*

### I.    *Procedural History.*

Plaintiff's original Complaint, which included the same or similar allegations, survived initial screening as to the Eighth Amendment claims against defendants Wright and Miller.  [Doc. No. 9, at pp. 5-6.]  After they were served with the original Complaint, defendants Wright and Miller filed the instant Motion to Dismiss.  [Doc. No. 9, at pp. 8-9; Doc. No. 16.]  Next, plaintiff filed the FAC and an Opposition to defendant's Motion to Dismiss.  [Doc. Nos. 20, 21.]  Defendants also filed a Reply to plaintiff's Opposition. [Doc. No. 22.]

Plaintiff's FAC, which was mislabeled "Second Amended Complaint," was accepted for filing by the Clerk of the Court without a hearing on the attached Motion for Leave to Amend.  In the Motion for Leave to Amend, plaintiff requested leave to add new claims against two new defendants -- the Warden of RJD and the Chief Medical Officer of RJD.  [Doc. No. 20, at p. 12.]  It appears the Clerk of the Court accepted the FAC for filing without a hearing on the Motion for Leave to Amend under Federal Rule of Civil Procedure 15, which provides in part as follows:  "A party may amend its pleading once as a matter of course within: . . . (B) . . . 21 days after service of a motion under Rule 12(b) . . . ."  Fed.R.Civ.P. 15(a)(1)(B).  Although plaintiff did not file the

FAC within 21 days after defendants' Motion to Dismiss was filed, he did request and was granted an extension of time before the 21 days expired [Doc. No. 18], and he then submitted the FAC without further delay [Doc. No. 20]. It therefore appears the FAC was accepted for filing pursuant to Rule 15(a)(1) without an order granting leave.

Generally, an amended complaint supersedes an original complaint, and the original complaint is then treated as if it is non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Thus, if an amended complaint is filed while a motion to dismiss is pending, the motion will typically be denied as moot, because the motion targets the prior complaint which no longer exists, and the Court is proceeding on the amended complaint. *Id.*

In this case, because plaintiff is a prisoner and is proceeding *in forma pauperis*, the FAC is subject to *sua sponte* screening under 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, a cause of action that fails to state a claim can be dismissed *sua sponte* by the Court "at any time." *Id.* For this reason, the Court will screen the FAC, particularly with respect to the two new defendants, and will consider the arguments in defendants' Motion to Dismiss to determine whether any apply to the FAC.

## II.  *Motion to Dismiss Standards.*

A plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing Fed.R.Civ.P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant[s] fair notice of what . . . the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A motion to dismiss under Federal Rule 12(b)(6) may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside*, 534 F.3d at 1121. A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In determining whether the plaintiff has alleged enough facts to state a claim, a District Court may consider "material which is properly submitted as part of the complaint," such as an attached exhibit.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989).

When considering a Rule 12(b)(6) motion to dismiss, the Court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party."  *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters*, 497 F.3d 972, 975 (9th Cir. 2007).  However, it is not necessary for the Court "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[T]hreadbare recitals" of the elements of a cause of action, "supported by mere conclusory statements," are not enough.  *Ashcroft v. Iqbal*, 556 U.S. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

On the other hand, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . .'"  *Erickson v. Pardus*, 551 U.S. at 94.  Particularly in civil rights cases, courts have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

## III.   *Claims for Monetary Damages Against Defendants in Their Official Capacities*.

Previously, in the original Complaint, defendants Wright and Miller were sued only in their official capacities for money damages and injunctive relief.  [Doc. No. 1, at p. 2.]  In the FAC, both defendants Wright and Miller have been sued for money damages individually and in their official capacities.  [Doc. No. 20, at p. 2.]  In the Motion to Dismiss, defendants correctly contend that plaintiff's claims for monetary damages

/ / /

1  against them in their official capacities should be dismissed, because these defendants are

2  immune from liability for damages in their official capacities. [Doc. No. 16, at pp. 4-5.]

3         "Put simply, the eleventh amendment bars actions against state officers sued in

4  their official capacities for past alleged misconduct involving a complainant's federally

5  protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages,

6  rather than prospective, *e.g.*, an injunction." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir.

7  1988).  The Eleventh Amendment does not bar actions against state officers in their

8  personal or individual capacities.  *Pena v. Gardner*, 976 F.2d 469, 472-473 (9th Cir.

9  1992).  It is therefore RECOMMENDED that the District Court grant defendants' Motion

10  to Dismiss any claims against defendants in their official capacities for violating

11  plaintiff's constitutional rights under the Eighth Amendment.  Since plaintiff cannot

12  amend the FAC to correct this defect, it is further RECOMMENDED that plaintiff's

13  official capacity claims against defendants Wright and Miller be dismissed WITH

14  PREJUDICE and WITHOUT LEAVE TO AMEND.

15  **IV.   *Plaintiff's Claims for Injunctive Relief*.**

16         In their Motion to Dismiss, defendants argue that plaintiff's claims for injunctive

17  relief should be dismissed as moot, because plaintiff alleges his rights were violated at

18  RJD, but he was transferred to another prison.  [Doc. No. 16, at p. 5.]  As defendants

19  contend, the Ninth Circuit has indicated that claims for injunctive relief should be

20  dismissed when an inmate is transferred to another prison that is not the subject of the

21  allegations at issue.  *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).  However,

22  the FAC does not include claims for injunctive relief.  [Doc. No. 20, at p. 8.]

23  Accordingly, IT IS RECOMMENDED that the District Court DENY defendant's Motion

24  to Dismiss as moot to the extent it seeks dismissal of claims for injunctive relief, because

25  no such claims are included in the FAC.

26  **V.   *Exhaustion of Administrative Remedies*.**

27         Defendants contend in the Motion to Dismiss that the Complaint should be

28  dismissed for failure to exhaust administrative remedies.  In support of this argument,

defendants cite the original Complaint, which was submitted on a standard form.  On the form Complaint, plaintiff selected "No" in response to the question whether he "exhausted all forms of available relief from the proper administrative officials."  [Doc. No. 1, at p. 6.]

In contrast, the FAC states as follows:  "Plaintiff filed a 602 form on this matter and got denied all the way to the third level of appeal which is as far as you can take it . . . "  [Doc. No. 20, at p. 7.]  Therefore, without more, there is no basis for plaintiff's FAC to be dismissed for failure to exhaust administrative remedies.  It is therefore RECOMMENDED that the District Court DENY defendants' Motion to Dismiss to the extent it seeks dismissal of plaintiff's claims for failure to exhaust available administrative remedies.

## VI.   *New Defendants Named in the FAC.*

### 1.   *RJD's Chief Medical Officer.*

With respect to the Chief Medical Officer of RJD, the FAC alleges that he or she was "in control" of plaintiff's housing after his "major surgery," because he had a duty to arrange for appropriate housing on a lower tier or the infirmary, so plaintiff could heal from his surgery with appropriate care.  Instead, plaintiff was returned to the general population "under duress;" no measures were taken to protect his health and safety; and this allegedly lead to a serious fall down the stairs, injuries, and a hospital visit by ambulance.  [Doc. No. 20, at p. 6.]

The FAC does not identify the constitutional basis for plaintiff's claim against the Chief Medical Officer.  To the extent plaintiff claims the Chief Medical Officer was deliberately indifferent to his health and safety in violation of the Eighth Amendment, plaintiff fails to allege a plausible claim for relief.  To successfully plead a violation of the Eighth Amendment, a plaintiff must allege plausible facts indicating an official acted with "deliberate indifference" to his health and safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1964).

/ / /

"Deliberate indifference" means "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Id.* citing *Farmer*, 511 U.S. at 839. "[A]n officials' failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under [the Eighth Amendment] be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

Here, the allegations indicate the Chief Medical Officer's only duty and involvement was to make the arrangements for plaintiff to be housed appropriately after the surgery. The FAC does not claim the Chief Medical Office acted with deliberate indifference by failing in his alleged duty to make these arrangements. Nor are there any allegations from which it could be inferred the Chief Medical Officer knew about but disregarded a risk that plaintiff would not be properly housed after surgery (*i.e.*, that defendants Wright and Miller would force plaintiff to climb stairs when he could barely walk and then ignore plaintiff's pleas for them to call and get confirmation about appropriate housing). In sum, the allegations in the FAC against the Chief Medical Officer do not adequately state a claim against him/her for deliberate indifference under the Eighth Amendment. It is therefore RECOMMENDED that the District Court dismiss *sua sponte* plaintiff's allegations against the Chief Medical Officer under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim.

## 2. *RJD's Warden.*

The FAC further alleges that RJD's Warden was made aware of plaintiff's situation during "the 602 process," but he/she refused to take any actions to assist plaintiff and failed to take any corrective measures. [Doc. No. 20, at p. 7.] The FAC

does not identify a constitutional basis for plaintiff's claim against the Warden and does not include any further factual allegations to suggest how the Warden could have been aware of any objectively serious threat to plaintiff's safety and acted with deliberate indifference to an "excessive risk" of harm to plaintiff.

All that is alleged is the Warden's involvement in the grievance process.  However, a prisoner "does not have a constitutional right under the Eighth Amendment or otherwise to have his administrative appeal processed or decided in a particular manner." *Hernandez v. Cate*, 918 F. Supp. 2d 987, 1015 (C.D. Cal. 2013), citing *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (stating under the Due Process clause inmates "lack a separate constitutional entitlement to a specific prison grievance procedure"); *Buckley v. Barlow*, 997 F.2d 494, 496 (8th Cir. 1993) (stating that "no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [the inmate] submitted for consideration" and that a failure to process grievances "without more, is not actionable under section 1983"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)  (stating "[t]here is no legitimate claim of entitlement to a grievance procedure"). Therefore, any failure on the part of the Warden to reach a favorable outcome on plaintiff's grievance is not actionable under Section 1983.  It is therefore RECOMMENDED that the District Court dismiss plaintiff's allegations against the Warden for failure to state a claim.

### 3.   *Leave to Amend.*

Prior to dismissal, a pro se litigant "is entitled to notice of the complaint's deficiencies and an opportunity to amend."  *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995) (internal quotation marks omitted).  Although unlikely, it is possible plaintiff may be able to cure the defects as to his claims against the Warden and the Chief Medical Officer, and he has not previously been granted leave to amend his allegations

against these defendants.  It is also RECOMMENDED that the District Court GRANT plaintiff at least *30 days' leave to amend* his claims against the Warden and the Chief Medical Officer.

### *Conclusion*

The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Judge assigned to this case pursuant to Title 28, United States Code, Section 636(b)(1).  For the reasons outlined above, IT IS RECOMMENDED that the District Court:

1.      GRANT defendants' Motion to Dismiss any claims against defendants in their official capacities for violating plaintiff's constitutional rights under the Eighth Amendment WITH PREJUDICE and WITHOUT LEAVE TO AMEND, because these defendants are immune from liability for money damages in their official capacities.

2.      DENY as MOOT defendants' Motion to Dismiss plaintiff claims against defendants for injunctive relief, because no such claims are included in the operative FAC.

3.      DENY defendants' Motion to Dismiss for failure to exhaust administrative remedies, because the FAC alleges that plaintiff did exhaust his administrative remedies, and defendant's have not proven otherwise.

4.      DISMISS *sua sponte* plaintiff's allegations against RJD's Chief Medical Officer under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim.

5.      DISMISS *sua sponte* plaintiff's allegations against RJD's Warden under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim.

6.      GRANT plaintiff at least *30 days' leave to amend* his claims against RJD's Warden and RJD's Chief Medical Officer, because it is possible plaintiff could cure the defects as to his claims against these defendants.

IT IS HEREBY ORDERED that *no later than* <u>*October 23, 2020*</u> any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties ***no later than <u>October 30, 2020</u>***. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  September 29, 2020

Hon. Karen S. Crawford
United States Magistrate Judge

11