UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABONILICO CARROLL,<br><br>                                   Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                                   Defendants. | Case No. 19-cv-02126-BAS-KSC<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION (ECF No. 23)**<br><br>**AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF No. 16)** |

Plaintiff filed the operative First Amended Complaint ("FAC") in this action on June 8, 2020, seeking declaratory relief and monetary damages for an alleged violation of his civil rights alleging a violation of constitutional rights, pursuant to 42 U.S.C. § 1983. (ECF No. 20.)[1] Plaintiff alleges that while he was incarcerated at Richard J. Donovan Correctional Facility ("RJD"), Defendants denied and delayed medical treatment and accommodations in violation of the Eighth Amendment. Specifically, Plaintiff alleges that, when he returned to RJD in a wheelchair after reconstructive surgery, correctional officers C. Wright and S. Miller failed to take measures to ensure his health and safety by forcing Plaintiff to walk up a flight of stairs and returning him immediately to general

---

[1] The amended pleading was mislabeled by Plaintiff as the "Second Amended Complaint."

- 1 -

population rather than housing him on a lower tier or in an infirmary. (FAC at 5–6.) The next day, Plaintiff fell down a flight of stairs and lost consciousness, requiring hospitalization and causing him headaches, shoulder pain, and other effects. (*Id.* at 6–7.) Plaintiff adds the Warden and Chief Medical Officer of RJD as named defendants in his FAC.

Before the FAC was filed, Defendants filed a Motion to Dismiss Plaintiff's original Complaint ("Motion") for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16.) Plaintiff filed an opposition to the Motion on June 15, 2020. (ECF No. 21.) Defendants replied on June 25, 2020. (ECF No. 22.)

On September 29, 2020, Magistrate Judge Karen S. Crawford issued a Report and Recommendation ("R&R") both screening the FAC *sua sponte* under 28 U.S.C. § 1915(e)(2) and § 1915A(b) and considering the arguments raised in the Motion to Dismiss that applied to the FAC. (ECF No. 23.) The deadline for the parties to object to the R&R was October 23, 2020. (*Id.* at 12.) Judge Crawford granted Plaintiff an extension to object to November 20, 2020, but denied further extensions. (ECF Nos. 25, 27.) On November 20, 2020, Plaintiff notified the Court that he did not object to the R&R. (ECF No. 28.) Defendants have filed no objections as of this date.

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit

and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In this case, the deadline to file objections was October 23, 2020. Plaintiff has affirmatively stated that he does not object to the R&R. (ECF No. 28.) Defendants neither filed objections nor requested additional time to do so. Consequently, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121. Nonetheless, having conducted a *de novo* review of the R&R, the Court concludes that the Judge Crawford's reasoning is sound and agrees with the R&R's recommendation. The Magistrate Judge properly dismissed Plaintiff's § 1983 suit seeking money damages from Wright and Miller in their official capacities pursuant to their Eleventh Amendment immunity. *See Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1983). Further, the Magistrate Judge correctly determined that Plaintiff did not sufficiently allege state constitutional claims against the Chief Medical Officer or Warden, Plaintiff did not request injunctive relief, and Plaintiff sufficiently pled exhaustion of administrative remedies.

Therefore, the Court hereby approves and **ADOPTS IN ITS ENTIRETY** the R&R (ECF No. 23) and **ORDERS** the following:

(1) The Motion to Dismiss Plaintiff's official capacity claims against all Defendants is **GRANTED**, and these claims are **DISMISSED WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND;**

(2) The Motion to Dismiss is **DENIED AS MOOT** to the extent it seeks dismissal of claims for injunctive relief;

(3) The Motion to Dismiss is **DENIED** to the extent it seeks dismissal of plaintiff's claims for failure to exhaust available administrative remedies;

(4) Plaintiff's allegations against RJD's Chief Medical Officer are **DISMISSED**

*sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim;

(5) Plaintiff's allegations against RJD's Warden are **DISMISSED** *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim; and

(6) Plaintiff is **GRANTED** until **December 23, 2020** to amend his claims against RJD's Warden and Chief Medical Officer.

**IT IS SO ORDERED.**

**DATED: November 23, 2020**

Hon. Cynthia Bashant
United States District Judge