UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABONILICO CARROLL,<br><br>                    Plaintiff,<br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | Case No.: 3:19-cv-2126-BAS-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 33]** |

Plaintiff Abonilico Carroll is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, alleging defendants violated his rights under the United States Constitution. *See* Doc. No. 1. Before the Court is plaintiff's Motion for Appointment of Counsel ("Motion" or "Mot."). Doc. No. 33. For the reasons set forth below, the plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

//

//

//

//

## I. BACKGROUND

On November 5, 2019, plaintiff filed this action, alleging that defendants violated his rights under the Eighth and Fourteenth Amendments. *See* Doc. No. 1 at 3-5.[1] Plaintiff's complaint was dismissed for failure to either pay the filing fee or move to proceed *in forma pauperis*, but was later reinstated after plaintiff corrected these errors. *See* Doc. Nos. 2, 3, and 9.

On January 16, 2020, the District Court, having conducted the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), dismissed plaintiff's claims against California Department of Corrections and Rehabilitation ("CDCR") and Richard J. Donovan Correctional Facility ("RJD"). Doc. No. 9 at 5. However, the District Court found plaintiff had alleged sufficient factual content to survive the "low threshold" of the initial screening process, and allowed plaintiff to proceed with his claims against defendants Wright and Miller. *Id.*

On April 21, 2020, defendants moved to dismiss plaintiff's complaint. Doc. No. 16. After requesting (and receiving) additional time to respond to defendants' motion, plaintiff filed both an opposition and an amended complaint (the "FAC"). *See* Doc. Nos. 18, 19, 20 and 21. On September 29, 2020, the undersigned, construing the FAC as the operative pleading, issued a Report and Recommendation ("R&R") to the District Court. Doc. No. 23. The undersigned *sua sponte* screened the FAC under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and further considered the arguments raised in defendants' Motion to Dismiss as they applied to the FAC. *Id.* Based on this review, the undersigned recommended that the District Court deny in part and grant in part the Motion to Dismiss, and dismiss certain of plaintiff's claims for failure to state a claim. *See* Doc. No. 23 at 4, 10. Plaintiff twice requested additional time to object to the R&R, but ultimately notified the District Court

---

[1] All page references are to the ECF-generated page numbers.

that he had "no objection to judge's report and recommendation."  *See* Doc. Nos. 24, 26, 28.  The District Court adopted the R&R on November 24, 2020.  Doc. No. 29.

On December 16, 2020, plaintiff signed a second amended complaint, which was accepted for filing and docketed on December 21, 2020.  Doc. No. 30.  Also on December 16, 2020, plaintiff signed the instant Motion requesting the appointment of counsel, which was accepted for filing and docketed on January 4, 2021.  *See* Mot. at 3.  In his Motion, plaintiff asks to have counsel appointed based on his *in forma pauperis* and *pro se* status, and because the issues presented in this case are "very complex."  *Id.* at 1.

## II. DISCUSSION

"There is no absolute right to counsel in civil proceedings."  *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994).  However, District Courts have discretion to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances."  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).  "That a *pro se* litigant may be better served with the assistance of counsel is not the test."  *Okler v. MCC IMU Prison*, No. 3:18-cv-05458-RJB-TLF, 2019 WL 461143, at *1 (W.D. Wash. Feb. 5, 2019).  Instead, the Court "must determine whether a) there is a likelihood of success on the merits; and b) the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved."  *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014).  "None of these factors is dispositive; rather they must be considered cumulatively."  *Id.*

### A. Likelihood of Success

Plaintiff does not identify, nor does the Court's independent review of the record reveal, any facts to support a finding that he may succeed on the merits of his claims.  Although his claims against the individual defendants survived both initial screening and defendants' motion to dismiss, the District Court's determination that plaintiff may be able to state a claim against defendant "by no means demonstrates that [he] is likely to win."  *Ortega v. CSP-SAC Prison Officials*, No. 2:08–00588 SOM, 2010 WL 2598228, at *1 (D.

//

Haw. June 7, 2010). The Court finds this factor weighs against appointing counsel to represent plaintiff in this matter.

### B. Plaintiff's Ability to Pursue His Claims

The Court is also not persuaded that plaintiff lacks the ability to pursue his claims in light of the complexity of the legal issues presented. Plaintiff seeks redress for defendants' alleged deliberate indifference to his medical needs, a "relatively straightforward" conditions-of-confinement claim. *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). Plaintiff has consistently demonstrated the ability to effectively articulate his claims. He has filed three complaints, a motion to proceed *in forma pauperis*, a motion to appoint counsel, and multiple motions for extensions of court deadlines. His claims against defendants Wright and Miller have, to this point, survived both initial screening and defendants' Motion to Dismiss. The Court finds these facts demonstrate that plaintiff understands basic litigation procedure and can advocate on his own behalf.

Plaintiff also complains that is a "novice and a layperson of the law," that his "imprisonment will greatly limit his ability to litigate," and that he is "unable to afford counsel." Mot. at 1. While it may be true that "counsel would better enable plaintiff to present evidence and cross examine witnesses," *id.*, the hardships plaintiff has identified are shared by most (if not all) incarcerated litigants and do not "indicate exceptional factors." *See Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990). "Even if it is assumed that [p]laintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional." *Williams v. Lozano*, No. 1:15-cv-01250-BAM (PC), 2018 WL 558765, at *1 (E.D. Cal. Jan. 25, 2018). Moreover, the Court understands that plaintiff's access to the law library may be limited due to increasing restrictive measures put in place to prevent the spread of COVID-19. Mot. at 1. Yet, this difficulty is also common most incarcerated litigants today. For that reason, the Court has already granted plaintiff's requests for additional time to meet the Court's deadlines, and will continue to do so for good cause shown. *See*, *e.g.*, Doc. Nos. 19, 25.

### C. Conclusion

For the reasons set forth above, the Court finds plaintiff has not met his burden to establish exceptional circumstances warranting the appointment of counsel to represent plaintiff in this matter at taxpayer expense. Plaintiff may renew his request if his situation changes such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims. *Cano*, 739 F.3d at 1219.

### ORDER

Plaintiff's Motion for Appointment of Counsel [Doc. No. 33] is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: January 5, 2021

Hon. Karen S. Crawford
United States Magistrate Judge