UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABONILICO CARROLL,<br><br>                               Plaintiff,<br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                               Defendants. | Case No.:  19-cv-2126-BAS-KSC<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 42]** |

Plaintiff Abonilico Carroll is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, alleging defendants violated his rights under the United States Constitution.  *See* Doc. No. 1.  Before the Court is plaintiff's renewed Motion for Appointment of Counsel ("Motion" or "Mot."). Doc. No. 42.  For the reasons stated below, plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

///

///

## I. BACKGROUND

On November 5, 2019, plaintiff filed a complaint alleging that defendants violated his rights under the Eighth and Fourteenth Amendments. Doc. No. 1. Since the dismissal of his initial complaint, plaintiff has filed two amended complaints. *See* Doc. Nos. 2, 20, 30. On March 29, 2021, defendants answered the operative Second Amended Complaint. Doc. No. 36. On May 7, 2021, the Court issued a pretrial schedule, setting deadlines for, *inter alia*, the completion of fact and expert discovery and the filing of dispositive motions. Doc. No. 40.

On December 16, 2020, plaintiff moved to have counsel appointed. Doc. No. 33. The undersigned denied that motion without prejudice on January 6, 2021, finding that plaintiff had not shown that he was unable to articulate his claims and that he was likely to succeed on the merits of those claims. Doc. No. 34 at 5. The Court explained that plaintiff could "renew his request if his situation changes such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims." *Id.*

## II. DISCUSSION

As the Court has stated, "there is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). Where "exceptional circumstances" exist, the Court may in its discretion appoint counsel to represent an indigent litigant. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). But, such "exceptional circumstances" exist only where a plaintiff demonstrates that he is likely to succeed on the merits of his claims, ***and*** that he is unable to effectively articulate those claims. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).

"A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016). Here, plaintiff merely reiterates the allegations in his operative complaint. Mot. at 2, 4-5, 6. The fact that some of these allegations survived initial screening "by no means demonstrates that

[plaintiff] is likely to win." *Ortega v. CSP-SAC Prison Officials*, No. 2:08–00588 SOM, 2010 WL 2598228, at *1 (D. Haw. June 7, 2010). At this early stage of the proceedings, there is no basis upon which the Court may predict plaintiff's success at trial. Thus, the Court reaffirms its determination that this factor weighs against appointing counsel to represent plaintiff at taxpayer expense. *See* Doc. No. 34 at 3-4.

Nor has plaintiff shown that he lacks the ability to pursue his claims. Plaintiff asserts that his claims are "factual[ly] complex" as they will require "expert testimony," and that he lacks the resources to conduct the necessary discovery to develop evidence and prove his claims at trial. *See* Mot. at 6. The Court considered these facts in denying plaintiff's previous request for counsel, and found that plaintiff's "need to conduct discovery [and] take testimony from witnesses" were not exceptional circumstances but instead were "common among all incarcerated litigants and indeed all participants in civil litigation." Doc. No. 34 at 4. The Court reaches the same conclusion here.

Plaintiff also states he is an "indigent" and "a novice and layperson of the law." Mot. at 1, 3, 7. The Court previously considered these facts and reiterates its finding that they do not establish exceptional circumstances. *See* Doc. No. 34 at 4 (citing *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990)). While it may be true that plaintiff's lack of legal expertise places him at a "disadvantage" relative to a lawyer with both training and experience in litigation (Mot. at 7), that does not render his case exceptional. *See Williams v. Lozano*, No. 1:15-cv-01250-BAM (PC), 2018 WL 558765, at *1 (E.D. Cal. Jan. 25, 2018) (noting that most incarcerated litigants are "not well versed in the law"). Similarly, plaintiff's limited access to the law library (*see* Mot. at 1, 7) is also a common hardship and does not create exceptional circumstances warranting the appointment of counsel. *See Faultry v. Saechao*, No. 18cv1850-KJM-AC-P, 2020 WL 2561596, at *2 (E.D. Cal. May 19, 2020) (denying motion for appointment of counsel and explaining that "[t]he impacts of the COVID-19 health crisis on prison operations are … common to all prisoners"). However, as stated before, the Court will consider any reasonable request by plaintiff for additional time to meet the Court's deadlines.

Finally, plaintiff complains that due to his medical issues he lacks the ability to "focus" and therefore cannot effectively articulate his claims. Mot. at 1. The Court finds this assertion is undermined by plaintiff's considerable filings to date: an initial complaint, two amended complaints, a motion for leave to proceed *in forma pauperis*, two motions for the appointment of counsel, a motion for access to the law library, and various *ex parte* letters to the Court. These filings demonstrate to the Court that plaintiff understands basic litigation procedure and can effectively articulate his claims, notwithstanding any medical issues affecting his concentration.

## ORDER

For the reasons stated above, plaintiff's Motion for Appointment of Counsel [Doc. No. 42] is **DENIED WITHOUT PREJUDICE**. As before, if plaintiff's circumstances change such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims. *Cano*, 739 F.3d at 1218.

**IT IS SO ORDERED.**

Dated: May 14, 2021

Hon. Karen S. Crawford
United States Magistrate Judge