UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABONILICO CARROLL,<br><br>                       Plaintiff,<br><br>  v.<br><br>WARDEN, DONOVAN STATE PRISON; CHIEF MEDICAL OFFICER; C. WRIGHT; S. MILLER,<br><br>                       Defendants. | Case No. 19-cv-02126-BAS-KSC<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR ORDER REQUIRING ACCESS TO LAW LIBRARY;**<br><br>**AND**<br><br>**(2) DIRECTING THE CLERK TO SEND PLAINTIFF A COPY OF HIS COMPLAINT**<br><br>**(ECF Nos. 39, 44)** |

      The Court has received two letters from Plaintiff Abonilico Carroll requesting an emergency order requiring Wasco State Prison ("Wasco") to provide access to the law library and an order appointing counsel.[1]  (ECF No. 39, 44.)  Plaintiff informs the Court that after his transfer to Wasco, he was placed in quarantine as a COVID-19 precaution and unable to access the law library, resulting in a delay in his prosecution of his case.  He also states that he believes the facility is interfering with his ability to litigate this matter.  Plaintiff also requests free access to the phone and a copy of "the witnesses [he] sent with

---

[1] Magistrate Judge Crawford recently denied Plaintiff's previously filed Motion to Appoint Counsel.  (ECF No. 45.)  The Court therefore does not address Plaintiff's renewed request for counsel in ECF No. 44.

[his] original complaint to be able to locate and to obtain official declarations" from them.

Regarding the alleged restricted use of the law library and his request for free phone use, the Court construes Plaintiff's request as a motion for preliminary injunction. *See, e.g.*, *Wolinski v. Boardman*, No. 1:10-cv-02139-AWI, 2012 WL 4936051, at *1 (E.D. Cal. Oct. 15, 2012). Preliminary injunctions are orders that preserve the status quo to avoid immediate and irreparable injury to the moving party before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). This requires a moving party to show, among other things, that the party is likely to succeed on the merits of the underlying case, thus requiring that it address conduct that is the subject of the action before the court. *See Hardney v. Warren*, No. 2:16-cv-0172-KJM-EFB P, 2019 WL 325269, at *2 (E.D. Cal. Jan. 25, 2019) (citing *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009)).

Here, because Wasco State Prison is not a party to this action, Plaintiff cannot satisfy the requirements for injunctive relief. *See id.* In this same context, many other courts have found that they lack jurisdiction over non-party persons or entities to entertain requests for preliminary injunctions under Rule 65. *See McCoy v. Holguin*, No. 1:15-cv-00768-DAD-HBK, 2021 WL 1327853, at *3 (E.D. Cal. Apr. 9, 2021) (citing *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983)) ("Plaintiff is informed that the court has no jurisdiction over nonparties in this case, such as prison library staff, and cannot order prison personnel to provide him library access."); *Barno v. Padilla*, No. 20-CV-03886-SI, 2020 WL 6544427, at *5 (N.D. Cal. Nov. 6, 2020) (denying request for more access to the law library where, in part, "the relief appears to be sought against nonparties and there is no indication the defendants set the law library schedule"); *Johnson v. Dovey*, No. 1:08-cv-00640-LJO-DLB PC, 2012 WL 2196119, at *2 (E.D. Cal., June 14, 2012) (denying a motion for order directing warden to provide the plaintiff access to the law library where warden was not a party to the action)

Alternatively, the All Writs Act ("AWA") provides the Court some ability to exercise its inherent authority over conduct and parties that are not the subject of the

underlying action. *See* 28 U.S.C. 1651(a) (granting authority to federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). Under the AWA, a court may exercise authority against persons or entities who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159 (1977). However, this authority is limited to only circumstances where it is "necessary" or "appropriate"; if alternative remedies exist, then courts cannot justify an exercise of authority pursuant to the AWA. *See Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999) ("The All Writs Act invests a court with a power essentially equitable and, as such, not generally available to provide alternatives to other, adequate remedies at law.").

In the situation at bar, Plaintiff has not demonstrated that this order is necessary or appropriate to aid this Court's jurisdiction over his claims. Although he claims that Wasco is hindering delivery of his mail to the courts and preventing him from accessing legal resources, the Court has received both Plaintiff's Notice of Change of Address and his Motion for Appointment of Counsel, as well as his letters. Further, the Court's Order to Show Cause—which Plaintiff states he did not timely receive—is now moot because Defendants have filed an Answer to the Second Amended Complaint. This case has now proceeded into discovery, and no deadlines are imminent. Plaintiff has therefore failed to show that his alleged restricted access to the library or phone has frustrated his ability to litigate this action and is not otherwise remediable through the prison grievance process or a separate civil rights suit. *See Hardney*, 2019 WL 325269, at *2. The Court therefore does not find it necessary or appropriate to exercise its authority under the AWA to issue the requested relief at this time.[2]

---

[2] Separately, the Court notes that Plaintiff's quarantines—which resulted his delayed access to the law library—appear to have occurred after his transfer from another facility and after his return from the hospital as a COVID-19 precautionary measure. Considering the complications presented by the pandemic, the Court finds it particularly inappropriate to interfere with day-to-day prison administration decisions. *See Barno*, 2020 WL 6544427, at *5 ("An order giving plaintiff special access to the law library

Thus, Plaintiff's request for an emergency order regarding access to the law library and free use of the phone is **DENIED**. Nonetheless, to the extent restricted access to resources impede Plaintiff's ability to prosecute this action going forward, he may seek extensions of time to comply with court-ordered deadlines or attach a copy of this court's order to his request to access legal resources to demonstrate that the litigation of this case is ongoing. *See McCoy*, 2021 WL 1327853, at *3. The Court is also mindful that the delays caused by pandemic procedures, transfers, and hospitalizations are not within Plaintiff's control, and will allow additional time, as necessary, for him to comply with the Court's orders.

Lastly, although the Court sees no specific list of witnesses filed with the original Complaint, the Court **DIRECTS** the Clerk to send Plaintiff a copy of his original Complaint (ECF No. 1) that he claims contains the list of witnesses.

**IT IS SO ORDERED.**

**DATED: May 17, 2021**

Hon. Cynthia Bashant
United States District Judge

---

would be particularly intrusive into prison operations at a time when many prisoners want access to the law library and officials are attempting to deal with the Covid-19 pandemic in the prison setting."); *see also Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations).