UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ABONILICO CARROLL, | Case No.: 19-cv-2126-BAS-KSC |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO TAKE DEFENDANTS' DEPOSITIONS** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | **[Doc. No. 66]** |

Before the Court is plaintiff's *Ex Parte* Application to Take the Deposition of the Defendants Warden, C[hief] M[edical] O[fficer], S. Miller and C. Wright (the "Application"). Doc. No. 66. Plaintiff seeks the Court's leave to take the depositions of several named defendants, all of whom are "state employees of the California Department of Corrections located at Richard J. Donovan State Prison" and whose testimony, plaintiff asserts, is "crucial" to his lawsuit. *Id.* at 2, 3. For the reasons stated below, plaintiff's Application is **DENIED**.

///

///

1

Plaintiff's application is premised on a misreading of Federal Rule of Civil Procedure 30, which governs the taking of oral depositions. Specifically, plaintiff cites Rule 30(a)(2)(B), which provides that:

> (a) **When a Deposition May Be Taken**.
> ***
>
> (2) *With Leave*. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
> ***
>
> (B) if the deponent is confined in prison.

Fed. R. Civ. P. 30(a)(2)(B). As the witnesses whom plaintiff seeks to depose are not "confined in prison," Rule 30(a)(2)(B) is not applicable to these deponents and plaintiff was not required to seek the Court's leave to proceed with the depositions. Therefore, the Court will not at this time "order that the defendants' depositions be conducted." Doc. No. 66 at 2. Plaintiff's Application is therefore **DENIED**.

If plaintiff wishes to depose the warden, the Chief Medical Officer, and Officers Miller and Wright, he must follow the procedures set forth in the Federal Rules of Civil Procedure. *See* Doc. No. 60 at 2, n.2 (cautioning plaintiff that "despite his *pro se* status, he is expected to comply with the Federal Rules of Civil Procedure, this District's Local Rules, and the undersigned's Chambers' Rules"). Provided plaintiff appropriately notices the depositions, the Court expects defendants to cooperate in good faith with regards to scheduling and to abide by any protocols or procedures necessary to limit the parties' and nonparties' exposure to the coronavirus, including conducting the depositions by remote means if possible. To the extent defendants object to the taking of one or more of these depositions, they are directed to meet and confer, and if they are unable to come to agreement, bring the matter to the attention of the Court in accordance with the undersigned's Chambers' Rules.

The remainder of plaintiff's filing consists of copies of discovery requests to defendants. Doc. No. 66 at 5-10. The Court has repeatedly admonished plaintiff that he is

not to file his discovery requests with the Court. *See* Doc. Nos. 50, 52, 55, 60, and 64. The Court reiterates its prior instruction to plaintiff that "[t]o obtain discovery," he must follow the procedures set forth in the Federal Rules of Civil Procedure. Doc. No. 60 at 2. Plaintiff may seek the Court's assistance ***only after*** he has followed those procedures, allowed the responding party a reasonable opportunity to respond or object, and has met and conferred with opposing counsel in good faith. *Id.* Accordingly, the Court has not considered, and will not comment further, on the discovery attached to plaintiff's Application. The Court advises plaintiff once again that his discovery requests will not be accepted for filing, as set forth in the Civil Local Rules of this District. *See* CivLR 33.1.c, 36.1.c. The Court will not tolerate plaintiff's continued disregard of these Rules and may, in its discretion, refuse to accept any further filings from plaintiff to which such discovery requests are attached.

## ORDER

For the foregoing reasons, plaintiff's Application to Take the Deposition of the Defendants Warden, C[hief] M[edical] O[fficer], S. Miller and C. Wright [Doc. No. 66] is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 2, 2021

Hon. Karen S. Crawford
United States Magistrate Judge