UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABONILICO CARROLL,<br><br>                          Plaintiff,<br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                          Defendants. | Case No.:  19-cv-2126-BAS-KSC<br><br>**ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 69]** |

Plaintiff Abonilico Carroll is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, alleging defendants violated his rights under the United States Constitution. *See* Doc. No. 1. Before the Court is plaintiff's renewed Motion for Appointment of Counsel ("Motion" or "Mot."). Doc. No. 69. This is plaintiff's third request for counsel. *See* Doc. Nos. 33, 42. For the reasons stated below, plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

On November 5, 2019, plaintiff filed a complaint alleging that defendants violated his rights under the Eighth and Fourteenth Amendments. Doc. No. 1. Plaintiff's Second

Amended Complaint, the operative complaint in the Action, was filed on December 21, 2020, and defendants answered on March 29, 2021.  Doc. Nos.  30, 36.  On May 7, 2021, the Court issued a pretrial schedule.  Doc. No. 40.  Since initiating this Action, plaintiff has twice moved to have counsel appointed.  Doc. Nos. 33, 42.  The undersigned denied both motions, finding that plaintiff had not shown that he was unable to articulate his claims and that he was likely to succeed on the merits of those claims.  Doc. No. 34 at 5; Doc. No. 45 at 4.  In both instances, the Court afforded plaintiff an opportunity to renew his motion if he could make the necessary showing.

## II. DISCUSSION

There is no absolute right to counsel in civil proceedings.  *See Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994).  However, the Court may in its discretion appoint counsel to represent an indigent litigant on a showing of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The party requesting counsel must demonstrate **both** that he is likely to succeed on the merits of his claims, **and** that he is unable to effectively articulate those claims.  *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).

The Court previously explained that plaintiff could renew his request for counsel "if plaintiff's circumstances change such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims."  Doc. No. 34 at 5; Doc. No. 45 at 4.  Plaintiff's Motion does not demonstrate any change in circumstances, but rather repeats arguments already considered and rejected by the Court.  Indeed, it appears to the Court that plaintiff has merely resubmitted his most recent Motion, with the addition of three pages titled "Memorandum of Points and Authorities" consisting of a string of legal citations and parentheticals.  *Compare* Doc. No. 42 *with* Doc. No. 69.  Nevertheless, the Court has considered plaintiff's Motion anew.  For the following reasons, the Court finds that plaintiff has not made an adequate showing of exceptional circumstances to warrant the appointment of counsel to represent him at taxpayer expense.

First, plaintiff has not shown that he is likely to succeed on the merits of his claims. Plaintiff repeats the allegations of his complaint and states that "if proved," these allegations "clearly establish a constitutional violation." Mot. at 13. Even assuming that plaintiff is correct in that regard, the question before the Court is not whether the allegations state a claim but whether plaintiff is **likely to prevail** on that claim. *Cano*, 739 F.3d at 1218. "[W]hile [p]laintiff may have sufficiently pleaded a plausible … claim at this preliminary stage of the proceedings, he has yet to demonstrate, and it is too soon to tell, whether he is likely to succeed on the merits." *Hucker v. Daub*, No. 21-CV-577 JLS (AHG), 2021 WL 2550089, at *6 (S.D. Cal. June 22, 2021) (denying motion for counsel). Thus, the Court finds that this factor weighs against appointing counsel to represent plaintiff. *See* Doc. No. 34 at 3-4; Doc. No. 45 at 3.

Second, plaintiff has not shown that he lacks the ability to pursue his claims. Plaintiff asserts that his claims are "factually complex," and that there will be "considerable" discovery in this litigation that he lacks the resources and legal training to pursue. Mot. at 11-13, 17, 19, 21. The Court considered and rejected all of these arguments in denying plaintiff's previous requests for counsel. *See* Doc. No. 34 at 4-5; Doc. No. 45 at 3-4. To reiterate, plaintiff has brought a relatively straightforward claim of deliberate indifference to his serious medical needs. That plaintiff will be required to marshal discovery to prove his claim is not exceptional, because "practically all cases" "require [the] development of further facts during litigation." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (further finding that even though "a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case," that is not enough to demonstrate exceptional circumstances). Plaintiff's lack of legal expertise is also not exceptional. *See id.*; *see also Williams v. Lozano*, No. 1:15-cv-01250-BAM (PC), 2018 WL 558765, at *1 (E.D. Cal. Jan. 25, 2018) (noting that most incarcerated litigants are "not well versed in the law").

Moreover, the record before the Court demonstrates that neither plaintiff's allegedly limited access to the law library, nor his asserted medical conditions, have prevented him

from litigating his case.  Indeed, since filing his previous motion for counsel, plaintiff has filed various requests for relief, including several motions for extensions of deadlines, a request for access to the library and the telephone, a Petition for Writ of Habeas Corpus for Ad Testificandum for Production of Incarcerated Witnesses, a request for a discovery conference, a declaration, an *Ex Parte* Motion to Take Deposition of Defendants, and the instant Motion.  *See* Doc. Nos. 44, 47, 51, 54, 57, 59, 66, and 69.  Plaintiff has also filed numerous discovery requests which were not accepted for filing pursuant to this District's Civil Local Rules.  *See* Doc. Nos. 50, 52, 64; *see also* Doc. No. 67 at 3 (noting that "[t]he Court has repeatedly admonished plaintiff that he is not to file his discovery requests with the Court").  These filings and discovery requests demonstrate to the Court that plaintiff understands basic litigation procedure and can competently petition the Court for relief.  The Court thus finds that this factor weighs against appointing of counsel to represent plaintiff.

## ORDER

Because plaintiff has not demonstrated either that he is likely to succeed on the merits of his claims, or that he is unable to articulate those claims, the Court declines to appoint counsel to represent plaintiff.  Accordingly, plaintiff's Motion for Appointment of Counsel [Doc. No. 69] is **DENIED**.  As before, if plaintiff's circumstances change such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims.  *Cano*, 739 F.3d at 1218.  However, plaintiff is admonished that a renewed motion that merely repeats arguments already considered and rejected by the Court will not be granted.

**IT IS SO ORDERED.**

Dated:  August 9, 2021

Hon. Karen S. Crawford
United States Magistrate Judge