UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABONILICO CARROLL,<br><br>                         Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>                       Defendants. | Case No.:  19-cv-2126-BAS-KSC<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION FOR ORDER<br>APPOINTING EXPERT WITNESS**<br><br>**[Doc. No. 74]** |

Plaintiff Abonilico Carroll is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1.  Before the Court plaintiff's Motion for Order Appointing Expert Witness (the "Motion").  Doc. No. 74.  Defendants oppose the Motion.  Doc. No. 78.  Having considered the parties' arguments and the applicable law, and for the reasons stated below, plaintiff's Motion is **DENIED**.

As set forth in the operative complaint, plaintiff alleges that defendants failed to protect him when they required him to walk up stairs to his bunk after he was recovering from surgery, despite a recommendation from his surgical team that he would need to remain in a wheelchair for 4 to 8 weeks while he recovered.  *See generally* Doc. No. 30.

1

1   Plaintiff alleges he fell as he ascended the stairs and was injured. *Id.* at 8.  Plaintiff also

2   alleges that he "suffers from depression, anxiety and P.T.S.D.," and that defendants'

3   treatment of him caused him to feel "hopeless[,] shocked and very depressed." *Id.* at 8, 9.

4        In his Motion, plaintiff requests that the Court appoint "an impartial medical and

5   psychiatric expert" to examine him and "determin[e] whether plaintiff has a psychosis."

6   Doc. No. 74 at 1.  Plaintiff further requests that if the expert determines that a psychosis

7   exists, the expert should provide an opinion as to the cause of the psychosis, including

8   whether it is "the result … of the injuries sustained by plaintiff in the fall" and the extent

9   to which plaintiff is "disabled" by any such psychosis.  *Id.*  Plaintiff asks the Court to

10  require the expert to prepare a written report and testify at trial regarding "the cause, the

11  effect and prognosis of plaintiff's injuries and disability."  *Id.*  Attached to plaintiff's

12  motion are records from an April 2021 visit with a mental health care provider during

13  which he related to the provider that the alleged fall "triggered" nightmares and PTSD

14  symptoms. *Id.* at 4.

15       As an initial matter, the Court notes that plaintiff purported to move on behalf of

16  defendants and signed his motion as the "attorney for" defendants' counsel. *Id.* at 1, 2.

17  Plaintiff is admonished that he may not represent, or claim to represent, anyone other than

18  himself in this litigation. *See Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997)

19  ("a non-lawyer 'has no authority to appear as an attorney for others than himself'") (citation

20  omitted); *see also* CivLR 83.11.  **The Court will not accept for filing any further**

21  **motions or other filings from plaintiff that are made, or claim to be made, for any**

22  **other person**.

23       The Court turns to the merits of plaintiff's Motion.  Pursuant to Federal Rule of

24  Evidence 706, the Court may, on its own motion or a motion by a party, appoint an

25  independent expert to make findings and provide testimony.  Fed. R. Evid. 706. "Such an

26  appointment is within the discretion of the trial judge and may be appropriate when

27  'scientific, technical or other specialized knowledge will assist the trier of fact to

28  understand the evidence or decide a fact in issue.'" *Patton v. Loadholt*, 445 F. Supp. 3d

802, 803 (E.D. Cal. 2020) (citation omitted).  However, neither Federal Rule of Evidence 706 nor the *in forma pauperis* statute (28 U.S.C. § 1915) authorize the Court to appoint an expert to act as an advocate for a party.  *Id.*; *see also Carley v. Genny*, 454 F. Supp. 3d 1006, 1007 (D. Nev. 2020) ("The *in forma pauperis* statute … does not provide for the appointment of expert witnesses to aid prisoners or other indigent litigants.").

It appears to the Court that plaintiff seeks by his Motion to have the Court appoint a witness to aid plaintiff in establishing the existence and extent of his injuries.  The Court declines to do so.  Plaintiff may, of course, retain his own expert to testify to these issues. *See Stakey v. Stander*, Case. No. 1:09-CV-00094-BLW, 2011 WL 887563, at *5 (D. Id. Mar. 10, 2011) (denying motion to appoint expert and noting that "[n]othing prevents [p]laintiff from obtaining his own expert witness"). The Court further finds that the appointment of a neutral expert is unwarranted and premature at this stage of the litigation. Although plaintiff refers to a "hopeless conflict in the conclusions of the medical and psychiatric experts employed by the parties" (Doc. No. 74 at 2), the Court's review of the record reveals no such conflict presently before the Court.  *See Lopez v. Ko*, Case No. 20cv2236-CAB (NLS), 2021 WL 1753638, at *1 (S.D. Cal. Mar. 26, 2021) (denying motion to appoint counsel where "there are no pending motions that require the Court to adjudicate any issues").  Accordingly, plaintiff's Motion is **DENIED**.

## ORDER

For the reasons stated above, plaintiff's Motion for an Order Appointing Expert Witness [Doc. No. 74] is **DENIED**.

**IT IS SO ORDERED.**

Dated:  October 12, 2021

Hon. Karen S. Crawford
United States Magistrate Judge

19-cv-2126-BAS-KSC