UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ABONILICO CARROLL, | Case No.: 19-cv-2126-BAS-KSC |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO COMPEL** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | **[Doc. No. 82]** |
| Defendants. | |

Plaintiff Abonilico Carroll ("plaintiff") is proceeding *pro se* and *in forma pauperis* in this action under 42 U.S.C. § 1983. Presently before the Court is plaintiff's "Motion to Compel Discovery" (the "Motion to Compel"). Doc. No. 82. Defendants oppose. Doc. No. 84. In the Motion to Compel, plaintiff seeks an order requiring defendants to produce documents responsive to his Requests for Production of Documents served on April 18, 2021. Doc. No. 82 at 1, 5. For the reasons stated below, the Motion to Compel is **DENIED**.

### I. BACKGROUND

Plaintiff initiated this action in November 2019. *See* Doc. No. 1. As set forth in the operative Second Amended Complaint (the "Complaint"), plaintiff alleges that defendants

1

violated his Eighth Amendment rights when, in "blatant disregard" for his health and safety, they failed to place him in appropriate housing (i.e., on the lower floor, in a lower bunk) as he recovered from surgery. *See generally* Doc. No. 30. Defendants Wright and Miller answered the Complaint on March 29, 2021. Doc. No. 36.

By order dated May 7, 2021, the Court set the pretrial schedule (the "Scheduling Order"). Doc. No. 40. Among other things, the Scheduling Order instructed the parties that:

> All fact discovery shall be completed by all parties by **September 3, 2021**. … **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

*Id.* at 2 (emphasis in original).

On April 16, 2021, plaintiff filed a Notice of Change of Address, to which he attached a document titled "Discovery Motion" that consisted entirely of written discovery requests to defendants. *See* Doc. No. 37 at 3-5. Specifically, the document contains 12 Requests for Production ("RFPs") and seven interrogatories. *See id.*

The Court subsequently rejected for filing other written discovery requests from plaintiff (*see* Doc. Nos. 50, 52, and 64) pursuant to this District's Civil Local Rules prohibiting the filing of interrogatories, requests for admission and requests for production "unless and until they are used in the proceedings." *See* CivLR 33.1(c), 36.1(c). In disposing of other motions filed by plaintiff, the Court repeatedly instructed him that he was required to abide by the Federal Rules of Civil Procedure, the District's Local Rules, and the undersigned's Chambers' Rules, notwithstanding his status as a *pro se* litigant. *See*, *e.g.*, Doc. Nos. 55 at 2; 60 at 2; 67 at 3.

On July 1, 2021, in a one-paragraph filing, plaintiff requested a conference with the Court to "solve [his] discovery issues," reporting that defendants had not produced unspecified documents that he had requested from them. Doc. No. 59. The Court denied plaintiff's request without prejudice on July 2, 2021, explaining that once plaintiff had served discovery requests on defendants or third parties, he must allow the recipient time to respond and then meet and confer with the responding parties regarding any disagreements before seeking the Court's assistance. Doc. No. 60 at 2. As plaintiff provided no information regarding the timing of the discovery at issue or the parties' meet-and-confer efforts, the Court found that its "intervention at this time is premature." *Id.* The Court further instructed plaintiff that:

> "any future request by plaintiff for the Court's assistance with a discovery dispute must be made by motion and must include the following: (1) a copy of the discovery requests at issue; (2) the date the requests were served and the date the responses (if any) were received; (3) a statement by plaintiff that he has met and conferred with counsel for the defense to try to resolve the dispute; (4) an explanation of why plaintiff is entitled to the documents or other information sought in the discovery requests, supported by citation to appropriate legal authorities; and (5) if any responses to the discovery have been received, an explanation of why plaintiff believes those responses are not adequate."

*Id.* at 2-3. The Court further advised plaintiff that any discovery motion filed by plaintiff "must also comply with the Civil Local Rules." *Id.* at 3.

Plaintiff thereafter moved twice for an extension of time regarding unspecified "discovery disputes," which the Court denied without prejudice for plaintiff's failure to provide enough information for the Court to determine if good cause for the requested extension existed. *See* Doc. Nos. 71, 72, 76 and 77. The instant Motion to Compel followed.

## II. DISCUSSION

In his Motion to Compel, plaintiff reports that he served defendants with a Request for Production of Documents on April 18, 2021. Doc. No. 82 at 1. Despite the Court's

instructions, plaintiff did not attach the discovery requests at issue to his Motion to Compel. Nevertheless, by comparing plaintiff's description of the information requested with the discovery requests attached to plaintiff's Notice of Change of Address, the Court surmises that plaintiff seeks to compel responses to RFPs No. 1, 2, 3, 4, 6, 7, and 9. *Compare* Doc. No. 37 at 3-4 *with* Doc. No. 82 at 3, 5.

### A. Defendants' Responses and Objections Were Timely

Plaintiff argues that defendants should be compelled to respond to his RFPs due to their "failure to respond timely." Doc. No. 82 at 2. He asserts that he served his RFPs on April 18, 2021, and that defendants responded more than 30 days later, on May 27, 2021. *Id.* at 1, 2. Because the Federal Rules of Civil Procedure require a response to discovery within 30 days, plaintiff asserts, the Court should deem defendants' objections waived and compel the production of responsive documents. *Id.* at 2-3. In response, defendants state they were served with these requests on April *16* (not 18), 2021, "when counsel received the ECF notification" of their filing. Doc. No. 84 at 5. Defendants aver they timely served responses and objections on May 14, 2021 and have attached a proof of service demonstrating the same. *See id.* at 5, *see also* Doc. No. 84-1 at 38 (proof of service of "Defendants' Responses to Plaintiff's First Set of Requests for Production of Documents" dated May 14, 2021). Accordingly, the Court finds defendants timely responded to plaintiff's RFPs, and have not waived their objections thereto. Plaintiff's Motion to Compel on the basis that defendants' responses were untimely is therefore **DENIED**.

### B. Plaintiff Failed to Comply with the Court's Orders and Rules

Plaintiff states in his Motion to Compel that he "wrote to defendants on May 30, 2021" (i.e., after receiving defendants' responses and objections to his RFPs) "in an attempt to resolve the dispute informally as required by the Local Rule." Doc. No. 84 at 1. Plaintiff has not attached his May 30, 2021 letter to defendants, but defendants have submitted a letter from plaintiff bearing that date. *See* Doc. No. 84-1 at 5. As defendants correctly note, plaintiff's letter does not refer to plaintiff's initial RFPs, to defendants' responses thereto, or to any disagreement with defendants' objections or reason why plaintiff found

the responses inadequate. *See id.*; *see also* Doc. No. 84 at 4. Instead, plaintiff's letter describes nine categories of documents he was "asking for," some of which are duplicative of plaintiff's first RFPs and some of which are entirely new requests. *See* Doc. No. 84-1 at 5. Plaintiff wrote, "If you can[']t produce this simple information I have to ask the Judge for a conference to get this discovery thing handled, [or] file a motion … Please let's resolve this discovery dispute I'm not asking for much this is reasonable!" *Id.* Defendants interpreted plaintiff's May 30, 2021 letter as a second set of RFPs and served plaintiff with responses and objections to them on July 2, 2021. *See* Doc. No. 84-1 at 41-209.

Before filing his Motion to Compel, plaintiff was required to confer with defendants regarding their discovery disputes. *See* Fed. R. Civ. P. 37(a)(1); CivLR 26.1.a; Chambers' Rules and Civil Pretrial Procedures for the Honorable Karen S. Crawford (hereafter "Chambers' Rules"), § VIII.A. The Court finds that plaintiff's May 30, 2021 letter did not satisfy the requirement that he meet and confer with defendants, as he simply reiterated his discovery demands (and added some new requests) with an ultimatum to defendants to provide responses or face a discovery motion. *See Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996) (holding that a good faith meet and confer effort requires the parties to "engage in a two-way communication … to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention").

Furthermore, after receiving defendants' July 2, 2021 response to his letter, plaintiff appears to have let the matter drop until October 9, 2021, when he sent his Motion to Compel to the Court. *See* Doc. No. 82 at 7. This is clearly beyond the 30-day deadline outlined in the Court's rules, and plaintiff was advised in the Scheduling Order he must comply with that deadline or his discovery issue would be waived. *See* Chambers' Rules, § VIII.B.; Doc. No. 40 at 2. Plaintiff has not stated any reason in his Motion to Compel to excuse his delay in bringing this discovery dispute to the Court's attention.[1] Even

---

[1] Indeed, it appears that plaintiff prepared his motion on June 17, 2021, before he received defendants' response to his May 30, 2021 letter. *See* Doc. No. 82 at 6. One week later, he

assuming his previous two motions for an extension of time to bring unspecified "discovery disputes" to the Court's attention relate to the instant dispute, the Court denied both of those requests for plaintiff's failure to explain the need for additional time. *See* Doc. Nos. 72, 77.

Accordingly, the Motion to Compel is **DENIED** as untimely and for plaintiff's failure to meet and confer with defendants.

### C. The Requested Discovery Is Objectionable

The Court further finds that even if plaintiff had appropriately met and conferred with defendants and filed his Motion to Compel within the Court's deadlines, he would not be entitled to an order by the Court compelling defendants to provide further responses to RFPs No. 1, 2, 3, 4, 6, 7, and 9.

Broadly speaking, the document requests at issue fall into two categories. In the first category are RFPs No. 2-4, 6-7, and 9, which are requests for policies and procedures applicable to inmates recovering from surgery and/or who need wheelchairs or other accommodations. *See* Doc. No. 37 at 4; *see also* Doc. No. 82 at 3-5. Defendants objected to these requests as vague, overbroad, and not proportional to the needs of the case. *See* Doc. No. 84-1 at 14-18. While some of these objections could likely have been resolved through a proper meet and confer, the Court generally agrees with defendants that plaintiff's sweeping requests for "any and all policies, directives, or instructions to staff" regarding inmates recovering from "major surgery" or requiring the use of a wheelchair for any reason were objectionably overbroad. The Court therefore rejects plaintiff's characterization of defendants' objections as "frivolous." Doc. No. 82 at 3.

Furthermore, notwithstanding their objections, defendants state that they "have already produced documents to [p]laintiff that are responsive to his request for policies concerning the housing of inmates in wheelchairs and for inmates returning from surgery"

---

requested a discovery conference with the Court, which the Court denied as premature, as described above. *See* Doc. Nos. 59, 60.

in response to plaintiff's May 30, 2021 letter, which are "essentially … the same" as the documents plaintiff now seeks to compel. Doc. No. 84 at 6. The Court agrees. As demonstrated by defendants' filing, they have produced to plaintiff over 150 pages of responsive documents, including CDCR's "Remedial Plan" for inmates with disabilities, CDCR's guidelines concerning durable medical equipment ("DME") and accommodations for disabled inmates, and RJD's operational plans concerning DME, disability accommodations, and its disability placement program. *See* Doc. No. 84-1 at 49-209. Plaintiff does not state in his Motion to Compel why these responses are insufficient, and the Court does not find them to be. Plaintiff's Motion to Compel further responses to RFPs No. 2-4, 6-7, and 9 is therefore **DENIED** on this alternative basis.

In the second category is RFP No. 1, which seeks "any and all grievances, complaints or other documents received against defendants[.]" *See* Doc. No. 37 at 3. Plaintiff states that documents demonstrating defendants' "past mistreatment of inmates" is relevant because such evidence would "show a pattern the defendants continuously perform this type of misconduct." Doc. No. 82 at 3, 5. However, plaintiff asserts in his Complaint that defendants were deliberately indifferent to a risk to his health and safety by failing to appropriately accommodate him in a lower bunk in a lower-tier cell while he was recovering from surgery, and that because of this indifference he fell and was injured in a single incident in August 2016. *See generally* Doc. No. 30. These claims relate only to defendants' treatment of or actions toward plaintiff, and as such their treatment of other inmates is not relevant to those claims. *See* Fed. R. Civ. P. 26(b)(1) (limiting the scope of discovery to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). In short, plaintiff's allegations do not justify production of a sweeping assortment of official documents that have nothing to do with the claims asserted in his Complaint. Plaintiff's Motion to Compel further responses to RFP No. 1 is accordingly **DENIED** on this alternative basis.

///

///

## ORDER

For the reasons stated above, plaintiff's Motion to Compel [Doc. No. 82] is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 10, 2021

Hon. Karen S. Crawford
United States Magistrate Judge