UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABONILICO CARROLL,<br><br>        Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | Case No.: 19-cv-2126-JO-KSC<br><br>**FURTHER ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF WARDEN AND CHIEF MEDICAL OFFICER**<br><br>[Doc. No. 79] |

  Plaintiff Abonilico Carroll is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On October 4, 2021, plaintiff filed a motion regarding several discovery issues (the "Discovery Motion"). Doc. No. 79. On November 10, 2021, the undersigned denied plaintiff's requests, set forth in the Discovery Motion, to extend the pretrial deadlines set forth in the Court's May 7, 2021 Scheduling Order [Doc. No. 40] by 30 to 45 days. Doc. No. 85. The Court also advised plaintiff that the Warden and Chief Medical Officer ("CMO") of Richard J. Donovan Correctional Facility ("RJD"), where plaintiff resided at the time of the events giving rise to the lawsuit, had not been

served with the Complaint and therefore were not parties to the case. *Id.* at 2. As to plaintiff's request to depose the Warden and the CMO, however, the Court stated it did not have enough information before it to assess whether these individuals had any knowledge relevant to plaintiff's claims, and whether they objected to being deposed on this or any other basis. *Id.* The Court ordered the Attorney General to file a response addressing these issues, which the Court has now received. *Id.* at 2-3. Having carefully considered plaintiff's request and the Attorney General's response and the applicable law, the Court hereby **DENIES** plaintiff's request to depose the Warden and the CMO.

First, although plaintiff states in his motion that he sought to depose the Warden and the CMO, he has not attached any subpoena, deposition notice, or proof of service indicating that he took the appropriate procedural steps (or indeed any procedural steps at all) to secure these witnesses' testimony. *See generally* Doc. No. 79. Defendants' response confirms that plaintiff did not serve written notice of these depositions. Doc. No. 90 at 2, 5. The Court has previously advised plaintiff that he must follow the Federal Rules of Civil Procedure in his pursuit of discovery. *See*, *e.g.*, Doc. Nos. 55, 60 and 67. Because plaintiff failed to notice the depositions or command the witnesses' attendance by subpoena, there is no basis upon which the Court could compel the Warden and CMO to appear for deposition. Plaintiff's request is denied on this basis.

Second, even assuming that plaintiff had followed the proper procedure, he has not shown that he met the requirement to meet and confer with defendants' counsel (or the witnesses' counsel, if applicable) before seeking the Court's intervention. *See generally* Doc. No. 79. In a sworn declaration, defendants' counsel reports that at the conclusion of plaintiff's deposition on August 10, 2021, he and plaintiff spoke about plaintiff's intention to take depositions, at which time counsel reminded plaintiff that he must serve written notice of any depositions and retain a stenographer to record them. Doc. No. 90-1 at 2. They moved on to other topics, and counsel "had no further communications from [p]laintiff about taking depositions through the time that [p]laintiff filed the present

///

motion." *Id*. Plaintiff's request is denied on the alternative basis that he failed to meet and confer before filing his motion.

Finally, the Court agrees with defendants that the record does not support a finding that the witnesses have information relevant to plaintiff's claims. *See* Doc. No. 90 at 3-4. Defendants correctly note that plaintiff's complaint does not name the Warden and CMO by name. *Id.* at 3 (citing Doc. No. 30). Nevertheless, defendants' counsel identified through his own research the individuals who were serving as Warden and CMO at RJD in August 2016, when plaintiff sustained his alleged injuries. *Id.* at 3. Both individuals have since retired. *Id.* Defendants' counsel relates in his sworn declaration the contents of his conversation with the Warden, which indicate that the Warden has no information regarding plaintiff's claims. *See* Doc. No. 90-1 at ¶ 5. Defendants' counsel also described his efforts to locate the CMO, which were ultimately not successful. *See id.* at ¶¶ 4, 6. Nevertheless, as defendants correctly point out, plaintiff bears the burden of establishing the relevance of the discovery he seeks. Doc. No. 90 at 4-5; *see also Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017) (noting that the moving party "bears the burden of demonstrating the information it seeks is relevant"). Plaintiff has not persuaded the Court that the Warden and the CMO have information relevant to plaintiff's claims.

For all of the foregoing reasons, plaintiff's motion to compel the depositions of RJD's former Warden and Chief Medical Officer is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 24, 2022

Hon. Karen S. Crawford
United States Magistrate Judge