UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABONILICO CARROLL,<br><br>                      Plaintiff,<br>v.<br><br>CDCR, et al.,<br><br>                     Defendants. | Case No.: 19-cv-2126-JO-KSC<br><br>**ORDER DENYING MOTION TO RE-OPEN DISCOVERY AND OTHER MISCELLANEOUS RELIEF**<br><br>**[Doc. No. 88]** |

Before the Court is *pro se* plaintiff Abonilico Carroll's "Motion to Present New Evidence/Re-Open Discovery, Production of Documents, Order to Answer All Admissions, Extension of Time to Depose All Named Defendants" (the "Motion" or "Mot."). Doc. No. 88. Plaintiff states that defendants have not responded to discovery and have impeded his effort to depose all named defendants. *Id.* at 3. He seeks an extension of time to conduct discovery (namely, the depositions of the defendants) and an order compelling defendants to produce documents and respond to plaintiff's Requests for Admissions. *Id.* at 3-4. Plaintiff also states that he "want[s] to apply to discovery an eyewitness" to the incident upon which plaintiff's allegations of deliberate indifference are based. *Id.* at 4. Defendants oppose the Motion. Doc. No. 92.

The Court finds that plaintiff's request for additional time to depose "all named defendants" must be denied. The Court has already ruled that RJD's Chief Medical Officer ("CMO") and Warden, although named in plaintiff's complaint, are not parties to the litigation as they have not been properly served. Doc. No. 85 at 2. The Court has also already ruled that plaintiff has not established that either the CMO or the Warden have information relevant to his claims, and denied his previous motion for their depositions on this basis. *See* Doc. No. 102. Accordingly, plaintiff's request for additional time to conduct these depositions is **DENIED AS MOOT**.

The Court finds that plaintiff's request for an order compelling defendants to provide further responses to his discovery requests must likewise be denied. Although plaintiff did not specify which discovery requests are at issue (nor did he attach a copy of them to his Motion) based on his description of the information he seeks, plaintiff's Motion in this regard appears duplicative of his earlier motion to compel. *See* Doc. No. 82. The Court denied that motion on November 10, 2021, finding it untimely and procedurally improper, and further finding that plaintiff's discovery requests were objectionable. *See generally* Doc. No. 86. To the extent plaintiff seeks an order compelling defendants to respond to the discovery that was the subject of his prior motion to compel, the Motion is **DENIED AS MOOT**.

Even if the Motion concerns discovery requests that were not previously before the Court, the Court finds the Motion must be denied for the same reasons the Court denied plaintiff's earlier motion to compel: namely, plaintiff's Motion is untimely and does not comply with the Court's explicit orders and instructions. Plaintiff has not identified the discovery requests in dispute, either in the body of his Motion or by attaching them to the Motion. Plaintiff has also not attached defendants' responses nor described why those responses are insufficient. Plaintiff also failed, again, to meet and confer with defendants before filing the Motion, despite the Court's repeated admonitions that meeting and conferring with defendants is a prerequisite to any motion to compel discovery. Judging solely by the description in the Motion – "critical misconduct reports of mistreatment of

inmates, the inmates['] names" and "discipline and personnel complaints against defendants," *see* Mot. at 3-4 – the discovery requested is overbroad, irrelevant and not proportional to the needs of the case. Accordingly, the Motion for an order compelling defendants to respond to plaintiff's discovery requests is **DENIED**.

Finally, the Court **DENIES** plaintiff's Motion to re-open discovery on the basis that an eyewitness to the events in question has been located. Plaintiff identifies the witness in his Motion and appears to seek additional time "if defendants want to depose [the witness]." Mot. at 3. Defendants are correct that it is improper for plaintiff to raise this issue and that if *defendants* "determine that they want to depose the newly identified witness," it is incumbent upon them to seek the Court's leave to do so. *See* Doc. No. 92 at 4. However, plaintiff also titled his Motion a "Motion to Re-Open Discovery" and characterizes the location and identification of the eyewitness as "new evidence." To the extent plaintiff argues that the Court should re-open discovery so that *plaintiff* can depose the eyewitness, the Court notes that plaintiff has not set forth any facts to explain why the eyewitness could not have been located or deposed earlier. The Court finds plaintiff has had "ample opportunity" to take discovery from or about the eyewitness. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii). Plaintiff's Motion to re-open discovery is therefore **DENIED**.

## ORDER

For the reasons stated above, plaintiff's Motion to Re-Open Discovery and for other discovery orders [Doc. No. 88] is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 24, 2022

Hon. Karen S. Crawford
United States Magistrate Judge